IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAIS HATEM,<br>                    Petitioner, | CIVIL ACTION |
| v. | |
| JL JAMISON, TODD LYONS,<br>MARKWAYNE MULLIN, TODD<br>BLANCHE, U.S. IMMIGRATION AND<br>CUSTOMS ENFORCEMENT,<br>                    Respondents. | NO.  26-4897 |

**O R D E R**

**AND NOW**, this 12th day of August, 2026, upon consideration of Petitioner's Letter Motion (ECF No. 11 (the "Motion")), in which Petitioner asks the Court to amend the Order granting the Petition for Writ of Habeas Corpus (ECF No. 9), it is hereby **ORDERED** that the Motion is **DENIED AS MOOT**.[1]

BY THE COURT:

/s/ Hon. Kelley B. Hodge

**HODGE, KELLEY B., J.**

---

[1] In the Motion, Petitioner asserts that the Court's prior Order "proposes a bond hearing before an Immigration Judge while Petitioner is released." (ECF No. 11 at 3.) Petitioner asks the Court to "remove the requirement for a bond hearing before an Immigration Judge while Petitioner remains released pursuant to this Court's grant of habeas relief." (*Id.* at 6.) Counsel misreads the Order. The Order used clearly conditional language with respect to the bond hearing, stating: "***If the Government decides to pursue re-detention*** of Petitioner after August 11, 2026, it must first provide him with a bond hearing by an Immigration Judge pursuant to 8 U.S.C. § 1226(a)." (ECF No. 9 at 2.) The Order does not require Petitioner to appear at a bond hearing upon his release—it merely requires the Government to afford Petitioner a bond hearing if the Government detains Petitioner under 8 U.S.C. § 1226(a) in the future. Because the Order does not present the issue that Petitioner asks the Court to correct, the Motion is denied as moot.